```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT
```

Jeffrey Coolidge,                :
        Plaintiff,                :
                                 :
    v.                           :       File No. 1:06-CV-92
                                 :
Paul Coates,                     :
        Defendant.               :

                       OPINION AND ORDER
                 (Papers 7, 8, 12, 15 and 19)

Plaintiff Jeffrey Coolidge, proceeding *pro se*, claims that his furlough from state prison was wrongfully revoked by his former parole officer, defendant Paul Coates. Specifically, Coolidge alleges that Coates was responsible for his arrest without probable cause, conviction without due process and in violation of his right against double jeopardy, and detention in violation of his Eighth Amendment rights. When Coolidge brought these same claims in a state court civil action, his claims were dismissed on the merits.

Currently pending before the Court are Coates' motion to dismiss on grounds of *res judicata* (Paper 7), and motions to quash two subpoenas (Papers 12 and 19). Also pending are Coolidge's requests for entry of default judgment (Papers 8 and 15). For the reasons set forth below, Coolidge's motions for default judgment are DENIED, Coates' motion to dismiss is GRANTED, and the remaining motions are DENIED as moot.

<u>Factual Background</u>

For purposes of the pending motions, the facts asserted in the complaint will be accepted as true. Coolidge is a criminal offender under the supervision and control of the Vermont Department of Corrections. At the time of the events in question, he had been released on furlough, also known as conditional re-entry. Defendant Coates was Coolidge's parole officer.

On the evening of Wednesday, August 18, 2004, Coates arrested Coolidge on the allegation that Coolidge had violated the terms of his conditional re-entry by having contact with a child. Having discussed Coolidge's conduct with a supervisor, Coates ordered that Coolidge be lodged at the Barre City Police Department holding cell until the morning of August 19, 2004. On the morning of August 19th, Coolidge was released, and Coates requested that he return to Barre Probation and Parole to "'re-establish'" his furlough. (Paper 4-1 at 2). Upon arriving at Probation and Parole, however, Coolidge was handcuffed and returned to the Barre jail. <u>Id.</u> As of the evening of August 19, 2004, Coolidge was incarcerated at the Northern Regional Correctional Facility in St. Johnsbury, Vermont, where he remained for three months.

Subsequent to his arrest and incarceration, Coolidge was granted a hearing on his alleged violation. This hearing, he

claims, denied him his due process right to call witnesses. Coolidge also claims that Coates made false statements against him. Coolidge was found guilty of the violation and received a series of separate "sanctions," including additional time in prison. These sanctions further included the denial of earned good time credits, and a requirement that he find a new residence prior to his release.

Coolidge contends that the charge of contact with a child was meritless, and that he has passed a polygraph test proving his innocence. He brings this action claiming: (1) arrest without probable cause in violation of the Fourth Amendment; (2) violation of his Fifth Amendment right against double jeopardy; (3) excessive bails and cruel and unusual punishment in violation of the Eighth Amendment; and (4) violation of his Fourteenth Amendment right to due process. Coolidge also claims violations of Department of Corrections directives. For relief, Coolidge is seeking monetary damages for lost college tuition and back-rent owed for the period while he was incarcerated. He also seeks punitive damages.

## Discussion

I. Requests for Default Judgment

Coolidge has moved for a default judgment against Coates in his official and individual capacities, claiming that Coates' motion to dismiss was untimely. Service in this case

was accomplished by the issuance of waivers on June 5, 2006, and there is no dispute that Coates' deadline for responding to the complaint was August 4, 2006.  Coolidge and the Court each received the motion to dismiss on August 8, 2006.

Federal Rule of Civil Procedure 12(a) requires that an answer be served, in the case of waiver, within 60 days after the waiver of service was sent.  Fed. R. Civ. P. 12(a)(1)(B). Under Federal Rule of Civil Procedure 5(b), service by mail is complete upon mailing.  Fed. R. Civ. P. 5(b).  Therefore, mailing on August 4, 2006 would have rendered Coates' motion to dismiss timely.  See, e.g., Trieschmann v. 347-349 East 53rd St. Owners, Inc., 1992 WL 406459, at *2 (S.D.N.Y. Dec. 30, 1992) ("The time provisions of Rule 12(a) apply to *service* of the pleadings, not *filing*.") (emphasis in original) (citing Blank v. Bitker, 135 F.2d 962 (7th Cir. 1943); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (1990)).

Defendant's counsel signed the motion to dismiss and the accompanying certificate of service on August 4, 2006. However, Coolidge has submitted to the Court a copy of the envelope in which the motion was sent, which shows a postage date of August 7, 2006.  Consequently, although counsel may have intended the motion to be sent on Friday, August 4th, the motion was apparently not mailed until the following Monday,

August 7th.  If August 7th was, in fact, the mailing date, then it appears that the motion was untimely.[1]

"The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court," Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), and "[d]istrict courts regularly exercise their discretion to deny technically valid motions for default." Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 319 (2d Cir.1986); see also Davis v. Musler, 713 F.2d 907, 912 (2d Cir. 1983). Assuming for purposes of this motion that Coates was, in fact, one business day late in filing his papers, this Court nevertheless declines to enter a default judgment.  Certainly, Coolidge cannot contend that he was in any way prejudiced by the short delay.  Moreover, as set forth below, Coates raises a dispositive defense to Coolidge's action.  See Kuhlik v. Atlantic Corp., 112 F.R.D. 146, 149 (S.D.N.Y. 1986) (degree of prejudice to plaintiff and substantiality of defenses among factors to consider in entertaining motion for default).  The motions for default judgment are, therefore, denied.  See, e.g., Skibinski v. Leontsinidis, 1980 WL 6195, at *1 (E.D.N.Y.

---

[1] Counsel for the defendant has not disputed that the motion needed to be served on August 4, 2006, and has provided no explanation as to why the motion was not sent until the following business day.

Apr. 27, 1980) (motion for default judgment denied where filing was one day late).

## II. Motion to Dismiss

Coates has moved to dismiss under Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, "a court has to consider the legal sufficiency of the claim as stated in the complaint and is not to weigh facts underlying the claim or the merits of the case." Esden v. Bank of Boston, 5 F. Supp. 2d 214, 216 (D. Vt. 1998) (citing Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985)). Morever, when a motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume all well-pleaded factual allegations to be true and draw reasonable inferences in the light most favorable to the plaintiff. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is impermissible unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Flores v. S. Peru Copper Corp., 343 F.3d 140, 148 (2d Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

As noted above, Coolidge's complaint in this case is substantially similar to a complaint he filed in a prior state court civil action. On November 29, 2004, he filed a "Complaint for Review of Governmental Action" in state

superior court pursuant to Vt. R. Civ. P. 75.[2]  The original defendant in that case was the Commissioner of the Vermont Department of Corrections, Steven Gold.  (Paper 17-2 at 1). In a subsequent memorandum of law, however, Coolidge listed the defendants as Coates and his supervisor, Mark Carlisle. (Paper 17-3 at 1).  In its ruling on the defendants' motion to dismiss, the state court listed Coates and Carlisle as named defendants.  (Paper 7-3).

Coolidge's state court complaint alleged, as he does here, that the defendants, including Coates, violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments.  (Paper 17-3 at 2).  The facts giving rise to his state court action were the same facts supporting his claims in this court, and indeed, his recitation of the relevant facts was at times nearly identical to the complaint in this case.  (Paper 4-1 at 1-2; Paper 17-3 at 1-2).  In the state court action, the defendants moved to dismiss Coolidge's claim for injunctive relief on the ground that he had already been released from prison.  With respect to damages, the defendants argued that they were protected by sovereign immunity,

---

[2] Rule 75 states that "[a]ny action or failure or refusal to act by an agency of the state or a political subdivision thereof, including any department, board, commission, or officer, . . . may be reviewed in accordance with this rule if such review is otherwise available by law." Vt. R. Civ. P. 75(a).

absolute immunity and qualified immunity.  The qualified immunity argument applied specifically to Coates and one other defendant.  (Paper 17-4 at 6-7).  The state superior court granted the motion to dismiss in an entry order, stating: "Appeal issue moot – Coolidge re-furloughed.  Damages claims barred by applicable immunities."  (Paper 7-3).  The state court issued its order on March 23, 2005.  It is not clear from the record whether Coolidge appealed the court's decision.

Coates now moves to dismiss the instant complaint on grounds of *res judicata*.  (Paper 7-1).  Coolidge has opposed the motion, although his opposition does not address the *res judicata* issue.  (Paper 16-1).  The doctrine of *res judicata* bars parties from litigating in a subsequent action issues that were or could have been litigated in an earlier proceeding, Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466-67 n.6 (1982), and applies equally to constitutional claims arising under § 1983 which could have been argued in an earlier state court proceeding.  Migra v. Warren City School Dist., 465 U.S. 75, 84-85 (1984).  In addressing the *res judicata* question, the Court must determine what preclusive effect a Vermont court would give to the prior proceeding. Burka v. New York City Transit Auth., 32 F.3d 654, 657 (2d Cir. 1994).

The Vermont Supreme Court has explained that

> [r]es judicata "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the 'parties, subject matter and causes of action are identical or substantially identical.'" Berlin Convalescent Ctr., Inc. v. Stoneman, 159 Vt. 53, 56, 615 A.2d 141, 143 (1992) (quoting Berisha v. Hardy, 144 Vt. 136, 138, 474 A.2d 90, 91 (1984)).  The doctrine does not require that claims must have been actually litigated in an earlier proceeding; rather, res judicata "bars parties from litigating claims or causes of action that were or should have been raised in previous litigation." Merrilees v. Treasurer, 159 Vt. 623, 624, 618 A.2d 1314, 1316 (1992) (mem.).

Lamb v. Geovjian, 165 Vt. 375, 379 (1996).

In this case, the parties, subject matter, and causes of action are each substantially identical to those presented in Coolidge's state court action.  As explained above, Coolidge initially named only the Commissioner of Corrections as a defendant, but subsequently added Coates and others.  The subject matter of the state court action concerned, *inter alia*, federal constitutional violations relating to the revocation of Coolidge's conditional re-entry status.  Further, as in this case, Coolidge alleged a deprivation of good time credits, and that Coates made false statements against him.  In sum, the prior state court action considered the same parties, subject matter, and claims as those presented here.[3]  Consequently, the state court action

---

[3] It is well established that § 1983 claims can be heard in state court. Maine v. Thiboutot, 448 U.S. 1, 3 n.1 (1980).

precludes Coolidge's complaint in this Court, and Coates' motion to dismiss is GRANTED.

## Conclusion

For the reasons set forth above, Coolidge's motions for default judgment (Papers 8 and 15) are DENIED, Coates' motion to dismiss (Paper 7) is GRANTED, and the remaining motions (Papers 12 and 19) are DENIED as moot.  This case is DISMISSED.

Dated at Brattleboro, in the District of Vermont, this 20th day of November, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge